GUZMÁN *v.* JULBE.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 548.—Resuelto en junio 20, 1911.

PARTICIÓN DE HERENCIA—INFORME DEL CONTADOR PARTIDOR—BASE PARA SU IM-
PUGNACIÓN.—Para que este tribunal pueda examinar los hechos que sirven de

fundamento a una impugnación contra el informe de un contador partidor de una herencia, aprobada por el tribunal inferior, es necesario que vengan en los autos los antecedentes o datos que sirvieron de base al contador partidor para redactar su informe.

ID.—INVENTARIO HECHO POR UN CONTADOR PARTIDOR—INCREMENTO DEL CAPITAL.—Un capital de $45,381.15 que, según el inventario practicado por el contador partidor ha tenido un incremento de $39,945.69 en tres años, no es tal incremento inverrosímil ni exagerado, teniendo en cuenta que ha sido el resultado de operaciones agrícolas de ganado y azúcar.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Eduardo Acuña y José E. Figueras.*

Abogado del apelado: *Sr. Juan Vías Ochoteco.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Doña Victoria López Julbe falleció en el año 1906, sin otorgar testamento. Estaba casada al tiempo de su fallecimiento, con Don Julio D. Guzmán, de cuyo matrimonio tuvieron un hijo que murió antes que la madre. Dolores Julbe, madre de Victoria López y Julio D. Guzmán, esposo de la difunta, fueron declarados sus herederos por la Corte de Distrito de Humacao. Julio D. Guzmán fué nombrado administrador judicial. No habiendo las partes podido llegar a un acuerdo con respecto al inventario y división del caudal hereditario, la corte nombró un contador, que equivale a un *master* en la práctica americana, pero que en nuestra práctica se conoce con el nombre de contador partidor. Este contador presentó su informe a su debido tiempo. Las partes celebraron una estipulación en la que convinieron que se quitaran ciertas deudas, así como otras cosas, dictando luego la corte la siguiente resolución:

"Distrito Judicial de Humacao. Corte de Distrito. Dolores Julbe, viuda de López. *Ex parte.* Abintestato de Victorio López. Nomb. Administrador Judicial. Orden. Aprobado con las modificaciones que abajo se expresan el informe que antecede, de acuerdo con la estipulación escrita y leída en corte abierta que se acompaña en

la cual se conviene que la cuenta a favor de Don Antonio Roig sólo asciende a la suma de $13,313.67

| | |
|---|---:|
| "Deducida esta cantidad del total de las deudas quedan estas reducidas a la suma de__ | $41,893.38 |
| "Y siendo el valor del cuerpo general de bienes _____ | 85,326.84 |
| "Quedan a repartir deducidas las deudas___ | 41,893.38 |
| "Balance _____ | 43,433.46 |
| "Las bajas comunes montan a_____ | 32,411.90 |
| "Siendo por tanto el caudal a repartir como gananciales _____ | 11,021.56 |
| "Y corresponde a cada cónyuge_____ | 5,510.77 |
| "En la parte correspondiente a la difunta tiene el cónyuge superviviente una tercera parte de usufructo igual en este caso a_____ | 1,836.92 |
| "Y queda como remanente a favor de la heredera de aquélla_____ | 3,673.85 |
| "A esta suma hay que cargarle intereses legales desde el 1 de enero de 1907 en que comenzó la pensión asignada a dicha heredera, o sea por un período de 36 meses más o menos _____ | 661.14 |
| "Que hace un total a su favor de_____ | 4,334.99 |
| "Y deduciendo al anticipo de ochocientos dollars y pensión mensual de cien dollars por igual período que asciende a_____ | 3,500.00 |
| "Queda como remanente líquido a favor de la heredera Doña Dolores Julbe, viuda de López _____ | 834.99" |

Y sigue la corte haciendo otros pronunciamientos que no afectan a los méritos de esta apelación.

Ambas partes comparecieron y pusieron de manifiesto ante este tribunal, el hecho de haberse negado la corte inferior a aprobar un pliego de excepciones o exposición del caso, sosteniendo esta corte dicha negativa fundándose en que la prueba sobre la cual actuó la corte inferior debe encontrarse

toda ante la misma, y que cualquiera que fuera la que tuviera para dictar su resolución podía ser certificada y remitida a este tribunal como ordinariamente se hace, no siendo necesario el darle forma a las declaraciones de los testigos. Sin embargo, según están certificados los autos, ellos solamente contienen el informe del contador partidor y ninguno de los datos de que dispuso en la preparación del referido informe. Por consiguiente, este tribunal no ha podido tomar en consideracion las alegaciones orales de los abogados referentes a los hechos, por no haber tenido medios suficientes ante ella. El verdadero motivo de esta apelación ha consistido en el supuesto error del contador partidor, o sea que al hacer su cuenta del montante general de bienes, calculó el inventario de los pertenecientes al caudal, en $45,381.15, y el aumento obtenido por los productos de las ventas de los frutos y del ganado, en $39,945.69. Alegan los apelantes que en los $39,945.69, están incluídas un gran número de partidas que ya habían sido necesariamente incluídas en los $45,381.15, que el contador partidor tuvo en cuenta las cosechas en el primer inventario, y luego contó todas o partes de dichas cosechas, como parte del supuesto aumento. No podemos expresar de modo alguno que al proceder así el contador cometiera algún error, porque no tenemos los datos a que nos hemos referido. El contador partidor especifica en su informe, que esta suma de $39,945.69, es un aumento, y a falta de alguna otra prueba, surge de dicho informe y de la consiguiente resolución de la corte, la presunción de que esta suma era tal aumento. No parece increíble que un capital de $45,381.69 produjera un aumento de $39,945.69 en operaciones que se extienden a más de tres años, especialmente cuando estas operaciones se relacionan con negocios de agricultura como lo son el azúcar y el ganado. Debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary, y del Toro.

El Juez Asociado Sr. Aldrey, no tomó parte en la resolución de este caso.